UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON RYAN STAPLES,<br><br>      Plaintiff,<br><br>vs.<br><br>BONNER COUNTY MEDICAL AND JAIL STAFF DR. TROY GEYMAN, NURSE CHUCK FRANK, NURSE AMANDA OZBURN, LT. STEVENS, and SHERIFF DARRYL WHEELER,<br><br>      Defendants. | Case No. 2:23-cv-00282-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Amended Complaint of Plaintiff Jason Ryan Staples was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Amended Complaint, the Court has determined that

Plaintiff will be required to file a second amended complaint if he desires to proceed.

## REVIEW OF COMPLAINT

### 1. Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments to the United States Constitution.

It is unclear whether Plaintiff was a convicted felon or a pretrial detainee at the time of his incarceration at the jail. The Fourteenth Amendment's Due Process Clause (rather than the Eighth Amendment's Cruel and Unusual Punishment Clause) applies to pretrial detainees and is violated when a detainee's conditions of

confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Pretrial detainees have a due process right to adequate medical care while detained. *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010).

Detainees' conditions of confinement claims are analyzed using a standard of "objective deliberate indifference." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). Under that standard, a detainee must establish the following elements: "'(1) The defendant made an intentional decision with respect to [the medical treatment of the plaintiff]; (2) [That decision] put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021) (quoting *Gordon*, 888 F.3d at 1125, brackets added). To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (citation omitted).

The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id*. (internal quotation marks and alteration

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

omitted).

Although the Court uses an objective standard in evaluating conditions of confinement claims of pretrial detainees, this standard must not be confused with the objective standard used for evaluating claims of negligence under state law. In a § 1983 setting, negligence—the "mere lack of due care" by a governmental official— "does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); *see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (stating that negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person").

### 2. Summary of Allegations and Discussion

Plaintiff alleges that, between March 7, 2022 and April 14, 2022, when he was in custody of the Bonner County Jail, his eye was injured when he defended another inmate from physical violence against a third inmate, and Defendants failed to give him proper medical care. He has provided a medical report showing that his eye, in fact, was injured. However, he has not provided sufficient allegations showing how each Defendant personally participated in the denial of care. He also complains of negligent care, which does not meet the standard for a federal cause of action.

Plaintiff sent a number of kites and grievances to medical staff, seeking care

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

for his eye. He asserts that medical staff did not respond. As attachments to his Amended Complaint, Plaintiff has submitted a number of grievances with responses from staff. For example, on April 13, 2023, Plaintiff complained that he had been asking to see the doctor for three weeks, without success. On April 14, 2022, Lieutenant Stevens wrote:

> Mr. Staples, You've been seen by our Medical and were referred to a specialist which would be the next step in your care plan. To see our Doctor again for the same issue before seeing the specialist would not accomplish anything. We are following medical protocol and as stated many times before, your appointment with the specialist is set and at this point will happen soon. We made the earliest appointment that was available. You are not being denied any medical care.

Dkt. 9, p. 17.

Plaintiff has sued Lieutenant Stevens, but this particular response does not show that Stevens acted in an objectively unreasonable manner, unless Plaintiff has additional facts showing that there was something the prison doctor could have done while Plaintiff was waiting to see the specialist. The Court has used the April 13-14 correspondence as an example of how to analyze facts from the parties' writings at the time of the incident to decide whether the facts state a federal claim, but Plaintiff is advised that attachments are not pleadings, and the Court is not required to go through (and has not gone through) each attachment to try to piece together the facts supporting Plaintiff's claims. Rather, Plaintiff must read through the attachments

himself, identify the facts that support his claims, and write those facts into his second amended complaint. Sometimes, as it seems with the April 13-14 facts set forth above, the parties' correspondence may not support a claim. The Court will provide an amended complaint form for Plaintiff to use to clarify his allegations against each Defendant. He must also clarify whether he was a pretrial detainee or a convicted felon at the time of the incidents at issue (the information gathered on the form can support either an Eighth or a Fourteenth Amendment medical claim).

Plaintiff sues Dr. Troy Geyman. This Defendant appears to be the doctor that comes to the jail every Wednesday to see inmates. Plaintiff has not specified what Dr. Geyman found after examining Plaintiff or why the finding and advice for treatment equates to objectively unreasonable care. It appears that Plaintiff sent various written requests to see Dr. Geyman again, but Plaintiff has not shown that Dr. Geyman received those requests and ignored them. Rather, the response from Lieutenant Stevens seems to reflect that other staff fielded the requests and did not schedule further appointments with Dr. Geyman because they determined that an appointment with a specialist was the next appropriate step in Plaintiff's medical care plan. Unless Plaintiff has specific allegations showing why Dr. Geyman's care was objectively unreasonable, or that Dr. Geyman actually received the requests and ignored them, and that seeing a non-specialist doctor again was necessary, Plaintiff should not include Dr. Geyman as a defendant in a second amended complaint.

Plaintiff sues two nurses, Chuck French and Amanda Ozburn. As explained above, Plaintiff must state what each nurse did to provide care to Plaintiff, and why it was objectively unreasonable care. If Plaintiff alleges that these nurses ignored his written or verbal medical requests, he must state allegations showing that the nurses received or heard the requests, rather than someone like Lieutenant Stevens.

Plaintiff generally alleges that he was "sitting in pain," without medical attention, but he must provide dates, information about which medical personnel received notice of his requests for care, and what those specific medical personnel did or did not do in response to his requests. He must do this as to each Defendant, not as a group of Defendants.

If Plaintiff does not know of facts showing that any Defendant personally participated in his treatment, then that Defendant should not be included in a second amended complaint. A supervisory defendant may be held liable under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the

constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted). In addition, "[t]here is no respondeat superior liability under §1983," meaning that a person cannot be sued in their personal capacity merely for being a supervisor. *Id*. Plaintiff must provide sufficient facts to show that Sheriff Darryl Wheeler (or any other supervisor defendant) had notice of Plaintiff's health issues and acted or failed to act in one of the wrongful ways set forth above, which caused Plaintiff injury.

As the standards of law set forth above explain, a civil rights action founded upon the Constitution cannot be based merely on careless, negligent, or mistaken acts by government officials. Medical malpractice is not a constitutional tort. Here, Plaintiff has provided insufficient facts showing that the medical providers acted with a state of mind that was more than negligence, carelessness, or by mistake. Plaintiff will be given leave of court to provide additional facts that show he can meet the constitutional standard. Otherwise, he may voluntarily dismiss this action and may instead pursue a medical malpractice or negligence action in state court.

If Plaintiff is able to state federal claims here (not based in negligence or medical malpractice), then he may also bring state law negligence or medical

malpractice claims[1] alongside the federal claims in federal court. Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." A plaintiff may bring "all state and federal claims ordinarily expected to be tried in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). However, without an Eighth or Fourteenth Amendment medical claim to anchor a state claim in federal court, this Court cannot adjudicate state law negligence or medical malpractice claims by themselves, and those claims must be brought in state court.

### 3. Instructions for Amendment

If Plaintiff chooses to amend the Complaint, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his

---

[1] To state a claim for negligence, a plaintiff must provide adequate factual allegations showing the following: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of the defendant's duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage." *Nelson v. Anderson Lumber Co.*, 99 P.3d 1092, 1100 (Idaho Ct. App. 2004).

The Idaho Tort Claims Act (ITCA) provides for a 180–day notice requirement for informing the government of the basis for a tort claim. See I.C. § 6–906. The 180-day time period begins to run "from the date the claim arose or reasonably should have been discovered, whichever is later." *Id*. Failure to provide notice within the 180-day time period is grounds for dismissal of the claim. *Mitchell v. Bingham Memorial Hospital*, 942 P.2d 544, 548-49 (Idaho 1997).

In addition, Idaho Code § 6-1001 provides for mandatory prelitigation screening by the Idaho Board of Medicine "in alleged malpractice cases involving claims for damages against physicians and surgeons practicing in the state of Idaho or against licensed acute care general hospitals operating in the state of Idaho."

constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 (a complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement" (punctuation altered)).

If Plaintiff does not have sufficient facts to show personal participation or objectively unreasonable acts beyond negligence by any Defendant, he should not include that Defendant in the second amended complaint. Then, during the disclosure and discovery period of litigation, he may obtain more information about the Defendant's participation and may be able to add the Defendant back in by amendment.

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously-amended pleading.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each

document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint."

If Plaintiff has insufficient allegations to meet the federal standards above, he may voluntarily dismiss this case and instead file a negligence and/or medical malpractice complaint in state court. (See additional requirements specified in Footnote 1.) If Plaintiff proceeds with state law claims in state court and determines during discovery that facts supporting a federal claim exist, he can amend his complaint in that action to pursue a § 1983 federal civil rights claim in state court, because state courts have concurrent jurisdiction to adjudicate claims brought under the federal civil rights statute seeking remedy for federally protected rights. *See* 42 U.S.C. § 1983, *et seq*.; *Dana, Larson, Roubal and Assoc. v. Board of Com'rs of Canyon County*, 864 P.2d 632 (Idaho Ct. App. 1993).

If Plaintiff fails to file anything further in this matter, his Amended Complaint will be dismissed without prejudice for failure to state a federal claim upon which relief can be granted.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file a second amended complaint no later than **30 days** after entry of this Order. Failure to do so will result in dismissal of this action

without prejudice without further notice.

2.  Plaintiff's Motion for Appointment of Counsel (Dkt 10) is DENIED without prejudice. The Court will revisit it after Plaintiff files a second amended complaint. Plaintiff is not required to provide legal citations or argument in his second amended complaint, but must set forth facts within his personal knowledge to show that Defendants acted objectively unreasonably. The form provided to Plaintiff with this Order should aid him in clarifying the facts supporting his claims.

DATED: December 14, 2023

David C. Nye
Chief U.S. District Court Judge