UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON RYAN STAPLES,<br><br>      Plaintiff,<br><br>v.<br><br>DR. TROY GEYMAN, NURSE CHUCK FRANK, and NURSE AMANDA OZBURN,<br><br>      Defendants. | Case No. 2:23-cv-00282-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Jason Ryan Staples filed a Second Amended Complaint, asserting that Bonner County Jail medical staff were deliberately indifferent to his serious medical needs as a pretrial detainee between March 7, 2022, and April 13, 2022. Dkt. 17. Plaintiff asserts that, as a result of a prison fight in which he defended another inmate from physical violence against a third inmate, Plaintiff suffered a serious injury, but Defendants ignored his injury. Plaintiff's left infraorbital foramen was fractured, and his posterior lateral left maxillary sinus wall was fractured and displaced. He suffered excessive pain during the early stages of these injuries, due to prison medical staff failing to address his pain and fractures immediately. The Court will liberally construe the allegations against these Defendants to state cognizable Fourteenth Amendment failure to provide adequate medical care claims and will permit Plaintiff to proceed to the next stage of litigation.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

# ORDER

**IT IS ORDERED:**

1. Plaintiff may proceed on Fourteenth Amendment pretrial detainee medical claims against Defendants Dr. Troy Geyman, Nurse Chuck Frank, and Nurse Amanda Ozburn.

2. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Second Amended Complaint (Dkt. 17), a copy of this Order, and a Waiver of Service of Summons to the following counsel: **Louis Marshall, Bonner County Prosecutor, 1500 Highway Sandpoint, ID 83864**.

3. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

4. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

5. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

6. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

7. Dispositive motions must be filed no later than 300 days after entry of this Order.

8. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

9. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly

identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

11. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

12. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

13. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: August 28, 2024

_____
David C. Nye
Chief U.S. District Court Judge